UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURENCE FENTRISS,

    Plaintiff,

v.                                                     CASE NO: 8:15-cv-2675-T-23MAP

GATEWAY BANK FSB, et al.,

    Defendants.
_____/

**ORDER**

Laurence Fentriss sues (Doc. 16) Gateway Bank, F.S.B., Jeffrey Cheung, and James Keefe. A February 24, 2016 order (Doc. 14) dismisses the original complaint because the complaint fails to adequately plead personal jurisdiction and subject-matter jurisdiction. Fentriss amends (Doc. 16) the complaint and asserts a claim for breach of contract, a claim for "fraud in the inducement," and a claim for "fraud in the sale of securities." The defendants move (Doc. 17) to dismiss for lack of personal jurisdiction and for improper venue.

**I. Personal Jurisdiction**

"A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*,

544 F.3d 1280, 1283 (11th Cir. 2008); *accord United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

### A. Florida's Long-arm Statute

Florida's long-arm statute — Section 48.193, Florida Statutes — permits Florida's "courts to exercise jurisdiction over nonresident defendants who commit certain specific acts." *Licciardello*, 544 F.3d at 1283. Section 48.193 states:

> (1) (a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself . . . to the jurisdiction of the courts of this state for any cause of action arising from:
>
> . . . .
>
> 2. Committing a tortious act within this state.
>
> . . . .
>
> 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Under Section 48.193(1)(a)(2), Fentriss establishes jurisdiction over the defendants for the claim for fraud in the inducement and the claim for fraud in the sale of securities. Section 48.193(1)(a)(2) permits "the exercise of personal jurisdiction if the 'foreign tortious act cause[d] injury within the forum' even though the tortious act occurred outside Florida." *Seminole Transp. Specialists, Inc. v. PDM Bridge, LLC*, 2009 WL 3822773, at *2 (M.D. Fla. Nov. 16, 2009) (Merryday, J.) (quoting *New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 902 (M.D. Fla. 2007)

(Hodges, J.)); *accord Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002) (holding that Florida's long-arm statute does not require the physical presence of the defendant in Florida).  According to the amended complaint, the defendants' fraudulent conduct caused injuries — the loss of payment due under the amended contract and the loss of money invested in Gateway — that Fentriss, a Florida resident, suffered in Florida.[1]  (Doc. 16 ¶¶ 3, 17–19)

Under Section 48.193(1)(a)(7), Fentriss establishes jurisdiction over the defendants for the claim for breach of contract.[2]  "[W]here a contract involves the payment of money and no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made."  *Pellerito Foods, Inc. v. Am. Conveyors Corp.*, 542 So. 2d 426, 428 (Fla. 3d DCA 1989).  The defendants failed to pay Fentriss in accord with the amended contract, and, when he signed the amended contract, Fentriss was a Florida resident.  (Doc. 16 ¶¶ 3, 17–18)

Although, without more, a failure to make payment in accord with a contract is insufficient to establish jurisdiction, "the failure to make payment, taken together

---

[1] Citing *Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1033 (11th Cir. 1991), the defendants incorrectly argue that Section 48.193(1)(a)(2) "does not permit jurisdiction over nonresidents for acts arising outside the state that cause financial injury within the state, in the absence of personal injury or property damage." (Doc. 17 at 10)  The defendants misrepresent *Sun Bank*, which recognizes that a purely economic injury is insufficient to establish jurisdiction under a different subsection (Section 48.193(1)(a)(6)) of Florida's long-arm statute.

[2] According to Fentriss, Keefe and Cheung proposed and negotiated the amended contract on behalf of Gateway.  (Doc. 22 at 13)

- 3 -

with other facts," such as "services performed in the state and which could reasonably be anticipated to be performed in this state," is sufficient. *Banco Inversion, S.A. v. Celtic Fin. Corp., S.A.*, 907 So. 2d 704, 708 (Fla. 4th DCA 2005) (Stone, J.); *see also Unger v. Publisher Entry Serv., Inc.*, 513 So. 2d 674 (Fla. 5th DCA 1987) (Orfinger, J.). The amended contract required Fentriss to perform services for Gateway, and Fentriss performed those services in Florida. (Doc. 16 ¶¶ 3, 11–12) Because Fentriss resided in Florida when he signed the contract, the defendants could reasonably anticipate that Fentriss would perform the services in Florida.

### B. Due Process

The exercise of personal jurisdiction must satisfy due process, which requires a plaintiff to show that a defendant has "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)). A single act such as an intentional tort "may support the exercise of personal jurisdiction over the nonresident defendant who has no other contacts with the forum." *Seminole Transp. Specialists, Inc.*, 2009 WL 3822773, at *2 (quoting *Licciardello*, 544 F.3d at 1285). If a defendant's conduct is "intentionally and purposefully directed at a resident of the forum, the minimum contacts requirement is met, and the defendant should anticipate being haled into court in that forum." *Licciardello*, 544 F.3d at 1287 (quoting *New Lenox*, 510 F. Supp. 2d 893 at 904

(M.D. Fla. 2007) (Hodges, J.)). Because Fentriss alleges that the defendants committed fraud (which is always intentional) against Fentriss (a Florida resident), Fentriss establishes that the defendants have minimum contacts with Florida.

Also, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985). Just as *Ben M. Hogan Co. v. QDA Inv. Corp.* 570 So. 2d 1349, 1350 (Fla. 3d DCA 1990) (Jorgenson, J.), finds "minimum contacts" because the defendants "reached out" to a Florida corporation, the defendants in this action allegedly "reached out" to Fentriss, a Florida resident, to persuade him to amend the contract and to continue recruiting partner banks. Like the defendants in *Ben M. Hogan*, the defendants in this action "maintained a watchful eye over [Fentriss's] activities."[3] *See* 570 So. 2d at 1350–51.

The exercise of jurisdiction over the defendants will not offend fair play or substantial justice, which require consideration of:

> [T]he burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of

---

[3] For instance, the amended contract states, "Fentriss shall supply Gateway Bank with a list of partner banks participating in the program or considering the program. New Partner Banks shall be added to this agreement subject to Gateway Bank's approval." (Doc. 16-3 at 2) Also, the amended contract states that "Fentriss shall maintain appropriate books and records of its activities . . . including all information required by" Gateway.

> controversies and the shared interest of the states in furthering fundamental substantive social policies.

*Madara v. Hall*, 916 F.2d 1510, 1517 (11th Cir. 1990). Fentriss, a Florida resident, has a strong interest in "obtaining convenient and effective relief" in his chosen forum. *See Madara*, 916 F.2d at 1517. While litigation in Florida necessarily involves inconvenience to a non-resident defendant, "Florida has a strong interest in hearing the case and protecting Florida residents and corporations from intentional torts committed by out-of-state actors." *Sticky Holsters, Inc. v. Ace Case Mfg., LLC*, 2016 WL 1436602, at *5 (M.D. Fla. Apr. 12, 2016) (Steele, J.) (citing *Burger King*, 471 U.S. at 473 (holding that a state "generally has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by" a foreign defendant) (internal quotation marks omitted)).

**II. Venue**

The defendants move to dismiss for improper venue. (Doc. 17 at 19) 28 U.S.C. § 1391(b) states:

> Venue in general. A civil action may be brought in
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any

>     judicial district in which any defendant is subject to
>     the court's personal jurisdiction with respect to such
>     action.

Fentriss suffered the injuries from the defendants' conduct at his residence in the Middle District of Florida. (*See* Doc. 22 at 17–20) Thus, in accord with Section 1391(b)(2), "a substantial part of the events . . . giving rise to" Fentriss's claims occurred in the Middle District of Florida. *See Seminole Transp. Specialists, Inc.*, 2009 WL 3822773, at *2–*3 (holding that venue was proper in part because the defendant damaged the plaintiff's business reputation in the venue); *Capital Corp. Merch. Banking, Inc. v. Corp. Colocation, Inc.*, 2008 WL 4058014, at *2–*3 (M.D. Fla. Aug. 27, 2008) (reasoning that for "non-physical torts," such as defamation, venue is generally proper where the plaintiff resides and the defamatory statements are published).

## CONCLUSION

Accordingly, the defendants' motion (Doc. 17) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on August 2, 2016.

                                                          _____
                                                          STEVEN D. MERRYDAY
                                                          UNITED STATES DISTRICT JUDGE