UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURENCE FENTRISS,

    Plaintiff,

v.                                                CASE NO. 8:15-cv-2675-T-23MAP

GATEWAY BANK FSB, et al.,

    Defendants.
_____/

**ORDER**

Gateway Bank allegedly bought home mortgages from other banks, packaged several mortgages, and sold each package to another bank or to a government agency. Under a contract between Gateway and non-party Anderson & Strudwick, the former employer of plaintiff Laurence Fentriss, A&S agreed to solicit buyers for Gateway's packages, and Gateway agreed to pay A&S 0.2% annually of the "average balance outstanding" on each package sold because of an A&S solicitation.

In 2008 A&S allegedly assigned the A&S-Gateway contract to Fentriss. (Doc. 16 at ¶ 10) In July 2012, Jeff Cheung, Gatway's former CEO, and James Keefe, Gateway's chairman and CEO, allegedly modified the contract and obligated Gateway both to pay Fentriss a minimum of $12,000 monthly and to reimburse Fentriss up to $5,000 monthly for the cost of soliciting buyers. (Doc. 16 at ¶ 11) In November 2013, Gateway stopped paying Fentriss. (Doc. 16-4)

Fentriss sues (Doc. 16) Gateway, Cheung, and Keefe for breach of contract. Alleging that the contract with Fentriss violates federal law, Gateway counterclaims (Doc. 41 at 9) against Fentriss for rescission and restitution. Also, in the counterclaims Gateway impleads Timothy Anonick, Tier One Partners, Inc., and CBIA Advisors, Inc.[1]

Tier One moves (Doc. 49) to dismiss because a limitation bars the counterclaims, Anonick moves (Doc. 52) to dismiss because of improper impleader, and both Anonick and Tier One move to dismiss for failure to state a claim for relief.

## DISCUSSION

**1. The rescission and restitution claims are not barred manifestly by a limitation.**

Gateway and Fentriss allegedly agreed to the purportedly illegal contract in July 2012, Gateway stopped paying Fentriss in November 2013, and Gateway sued for rescission and restitution in August 2016. (Doc. 41)

No limitation manifestly bars Gateway's claims. Florida provides a four-year limitation for a claim to rescind a contract whether oral or written, a five-year limitation for a restitution claim based on a written contract, and a four-year limitation for a restitution claim based on an oral contract. Fla. Stat. §§ 95.11(3)(l), 95.11(2)(b), and 95.11(3)(k), respectively. California provides a four-year limitation for a rescission or restitution claim based on a written contract and a two-year

---

[1] No response appears from CBIA Advisors, but Tier One identifies itself as the "successor entity to CBIA Advisors, Inc., by virtue of a name change performed in Virginia." (Doc. 49 at 2)

limitation for a rescission or restitution claim based on an oral contract. Cal. Civ. P. Code §§ 337, 339.

A purportedly time-barred claim warrants dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure, only if the applicable limitation's bar is "apparent from the face of the complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Uncertainty — including whether California or Florida law governs, whether Fentriss and Gateway agreed orally or in writing to the 2012 modification, whether Gateway knew about the contract's purported illegality when Gateway formed the contract, and whether common law or a statute tolls the applicable limitation — pervades Gateway's claims. Because the claims are not time-barred manifestly, Tier One's motion (Doc. 49 at 7) to dismiss based on a limitation is **DENIED**.

**2. Rule 20 permits joinder of Anonick and Tier One.**

Gateway may join Anonick and Tier One under Rule 20, which permits joinder of a non-party if the defendant asserts that the non-party is liable to the defendant "jointly, severally, or in the alternative" and if joinder of the non-party permits the resolution of a question of law or fact common to both the defendant and the non-party.

Gateway seeks the return from Fentriss, Anonick, and Tier One of money paid under a purportedly illegal contract. Because Gateway allegedly lacks knowledge about who received the money, the application of Rule 20 permits

Gateway to join Anonick and Tier One for recovery in the alternative.[2]  Anonick's motion (Doc. 52 at 2–3) to dismiss based on "improper impleader" is **DENIED**.

**3. Count I fails to comply with Rule 10(b).**

A count must allege only a single claim.  *See Kennedy v. Bell South Telecomm., Inc.*, 546 Fed. Appx. 817, 819–20 (11th Cir. 2013) (per curiam) (explaining that the "one-claim-per-count" requirement in Rule 10(b) reduces confusion and permits a defendant to answer specifically each claim).  Count I, which alleges a claim for rescission and a claim for restitution, violates Rule 10(b).

**4. The counterclaims in Count I fail to state a claim for relief.**

Other than the allegations that identify Anonick as Fentriss's business partner and that identify Tier One as "a business formed by Fentriss and Anonick to sell services to banks" (Doc. 41 at 10), no allegation explains Anonick's or Tier One's connection to this action.  The counterclaims contain several boiler-plate statements apparently copied from a sample pleading that, in turn, apparently copied the statements from the opinions of California courts.  For example, ¶ 6 alleges:

> Each of the Counter-Defendants and Third-Party Defendants are alter-egos of the other and at all times the individual defendants dominated, influenced, and controlled each of corporate defendants and the officers thereof as well as the business, property, and affairs of said corporations. There exists a unity of interest and ownership between the individual defendants and each of the corporate

---

[2] Gateway's counterclaim purportedly impleads Anonick and Tier One as "third-party defendant[s]." (Doc. 41 at 10) Because Rule 14 permits impleader if the defendant sues a third party for contribution or indemnity and because Gateway seeks neither contribution nor indemnity, Rule 14 is inapplicable. But dismissal for an erroneous caption unduly burdens Gateway, which must sue Anonick and Tier One in another action if this order grants Anonick's motion.

> defendants that the individuality and separateness of the individual defendants and corporate defendants have ceased. The corporate defendants are a mere shell which said individual defendants use as a conduit for the conduct of their personal, business, property, and affairs.

*Compare* Doc. 41 at ¶ 6, *with First W. Bank & Trust Co. v. Bookasta*, 267 Cal. App. 2d 910, 912–13 (Cal. Ct. App. 1968) (Fourt, J.) (describing an allegation that the defendant "dominated, influenced, and controlled the affairs of the corporate defendant; that . . . there existed a unity of interest and ownership between the individual defendants and the corporate defendant so that the individuality and separateness of the individuals and the corporation was not maintained. . . .").

Despite the conclusory allegation upon "inform[ation] and belie[f]" that Fentriss and Tier One "received money pursuant to the [Gateway-Fentriss agreements]," no allegation of fact supports the hollow legalese in ¶¶ 6–8. Because the pleading fails to allege facts that show Gateway's entitlement to restitution from Anonick and Tier One, the motions (Docs. 49, 52) to dismiss for failure to state a claim for relief are **GRANTED**.

## CONCLUSION

The motions (Docs. 49, 52) to dismiss are **GRANTED-IN-PART** and **DENIED-IN-PART**. The counterclaims against Anonick and Tier One Partners are **DISMISSED** for failure to state a claim for relief, but dismissal because of a limitation or "improper impleader" is not warranted.

Perhaps recognizing the deficiency of the counterclaims, Gateway requests leave to amend the pleading "to resolve any defects raised by the motions [to dismiss]." (Doc. 60 at 11)  No later than **JANUARY 20, 2017**, Gateway must amend the pleading in accord with this order.

ORDERED in Tampa, Florida, on December 27, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE